UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ROY LEE BOWEN,

    Plaintiff,

v.

OTTIS WALTERS, JR., *et al.*,

    Defendants.

Civil Action No. 5:10-00329-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Roy Lee Bowen filed a *pro se* Complaint asserting claims against Ottis Walters, Jr.; Ottis Walters, Sr., the Montgomery County Sheriff; and Kevin Cockrell, the Montgomery County Attorney. Bowen paid the $350.00 filing fee [D. E. 7]. The Court will dismiss Bowen's Complaint because it lacks an arguable or rational basis in law or fact, and because the Court lacks subject-matter jurisdiction over the claims.

## BACKGROUND

On September 17, 2010, Bowen filed a "Complaint Information Form," with a three-page handwritten supplement, which the Clerk of the Court docketed as a 42 U.S.C. § 1983 Complaint [D. E. 2]. On October 4, 2010, the Court denied Bowen's *in form pauperis* motion and directed him to file a completed E.D. Ky. Form 520 supplementing his Complaint [D. E. 5 & 6]. Bowen subsequently paid the $350.00

filing fee, but he did not submit the more detailed E.D. Ky. Form 520. Thus, the Court has only Bowen's original submission to review.

Bowen alleges that he saw one of the Walters Defendants remove items from Wanda Gram's barn. He states that when he told Gram what he had witnessed, the Walters Defendants retaliated against him on December 12, 2008. When Bowen stopped his truck at an intersection on that date, Ottis Walters, Jr., jumped on it and began hitting and kicking it. Ottis Walters, Sr., arrived at the scene, waved a gun at Bowen, and tried to remove him from the truck. Bowen drove away but the State Police stopped him, charged him with evading police, and took him to jail.

Bowen states that after his release from jail at 11:45 p.m., he had a was forced to walk home for three hours in 13 degree weather because his truck had been towed. Bowen alleges that both County Attorney Kevin Cockrell and Commonwealth's Attorney Jim McDonald refused to charge either of the Walters with wrongdoing.

## DISCUSSION
### 1. Failure to State Claim for Relief

Bowen does not state what type of relief he seeks, *i.e.*, damages, injunctive relief, or other remedy. Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain "a demand for judgment for the relief the pleader seeks."

Courts have dismissed Complaints in which the plaintiff demanded either

vague and ambiguous forms of relief, or no relief at all. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *Player v. Phoenix*, No. 92-401, 1992 WL 350780 at *1 (S.D. N.Y. Nov. 13, 1992); *Gill v. Tillman*, No. 99-0648, 2001 WL 395051, at *3 (S.D. Ala., March 28, 2001). Regardless of that omission, Bowen's claims are dismissible on the other grounds discussed below.

## 2. Claims Against Ottis Walter, Jr.

In his Complaint, Bowen does not specifically allege that any of the defendants violated his constitutional rights.[1] Even broadly construing a claim against Walters, Jr., under 42 U.S.C. § 1983, the Court would lack subject matter jurisdiction over it because he did not qualify as a state actor, the first requirement of a § 1983 claim.

"To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]" *Id.* at 50 (quotation marks and citations omitted).

---

[1] Bowen did not supplement his claims by filing a more detailed Complaint, as directed by a prior Order [D. E. 5].

3

The Sixth Circuit applies a three-part test to determine if private conduct is fairly attributable to the state:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state .... The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995)).

Bowen alleged nothing to suggest that Walters, Jr., was acting under color of state law at the relevant time. Based Bowen's allegations, Walters, Jr., does not satisfy any of the three "state actor" tests, and was therefore acting only as a private citizen on December 12, 2008.

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), permits a district court to dismiss, of its own accord, a non-prisoner, fee-paid complaint if it appears the allegations lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. A district court may address the lack of jurisdiction at any time during the course of an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

This Court lacks subject matter jurisdiction over any construed § 1983 claims against Walters, Jr. *Apple v. Glenn*, 183 F.3d at 479. As Bowen provides no other basis of federal jurisdiction for his claims against Walters, Jr, those claims lack legal plausibility and will be dismissed with prejudice. Absent federal jurisdiction, the Court declines to exercise jurisdiction over any construed pendant state-law claims which Bowen may be asserting. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994).

### 3. Claims Against Ottis Walters, Sr.

Because Walters, Sr., is the Sheriff of Montgomery County, Kentucky, he qualifies as a 'state actor." Bowen may be claiming that Walters, Sr., unreasonably seized him in violation of the Fourth Amendment of the United States Constitution; caused him to be either falsely arrested or maliciously prosecuted in violation of the Fourteenth Amendment of the United States Constitution; or applied excessive force in violation of the Fourteenth Amendment. Even assuming any or all of these allegations are true, the claims against Walters, Sr., are time-barred under the applicable statute of limitations.

To determine the statute of limitations in § 1983 civil rights cases, courts apply the most analogous statute of limitations from the State where the events occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 268-71

(1985). Kentucky has a one-year statute of limitations for asserting personal injuries. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Federal law establishes that the statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500-01(6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

Bowen signed the "Complaint Information Form," on December 15, 2008, although it is unclear what entity prepared the Form or to what authority Bowen may have submitted the Form. Regardless, the Form substantiates that Bowen knew about his alleged injuries on or before December 15, 2008. The one-year statute of limitations had clearly run when Bowen filed his Complaint on September 17, 2010, almost two years later.

Claims barred by the statute of limitations are frivolous, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), and frivolous claims must be dismissed, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court will dismiss with prejudice Bowen's claims against Ottis Walters, Sr.

### 4. County Attorney Kevin Cockrell

Although Montgomery County Attorney Kevin Cockrell qualifies as a state

actor, Bowen does not allege that Cockrell violated any of his rights guaranteed by the Constitution or laws of the United States, the second requirement of a § 1983 claim. He alleges only that Cockrell refused to prosecute the Walters.

That decision does not amount to a constitutional violation. "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *United States v. Armstrong* 518 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

The authority to initiate a criminal complaint rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F.Supp. 1502, 1506 (W.D. Wis. 1986). A private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). For these reasons, the Court will dismiss with prejudice Bowen's claims against Montgomery County Attorney Kevin Cockrell.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Roy Bowen's Complaint [D. E. 2], is **DISMISSED WITH PREJUDICE**.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This __3__ day of January, 2011.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE